## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIQWD, INC. and OLAPLEX LLC,

           Plaintiffs,

v.

L'ORÉAL USA, INC., L'ORÉAL USA
PRODUCTS, INC., L'ORÉAL USA S/D, INC.
and REDKEN 5TH AVENUE NYC, LLC,

           Defendants.

C.A. No.

Underlying Action Pending in the
U.S. District Court for the
District of Delaware

Civil Action No.  No. 17-14-JFB-SRF

## <u>MOTION TO SEAL</u>

Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and

Redken 5th Avenue NYC, LLC ("L'Oréal USA"), by and through their undersigned counsel,

moves the Court to seal: (1) Defendants' Motion to Compel Alan Gold to Comply with

Deposition Subpoena and the Exhibits attached thereto; and (2) Defendants' Motion to Compel

Gelest, Inc., Jonathan Goff and Ed Kimble to Comply with Subpoenas and the Exhibits attached

thereto, and in support thereof aver as follows:

      1.      L'Oréal USA are defendants in *Liqwd, Inc. v. L'Oréal USA, Inc.*, Civil Action No.

17-14-JFB-SRF (the "Underlying Action"), a case currently pending in the United States District

Court for the District of Delaware.

      2.      Attached hereto as Exhibit A is the Proposed Stipulated Protective Order, filed at

D.I. 54 on March 20, 2017 in the Underlying Action.  The Proposed Stipulated Protective Order

was granted on March 31, 2017 by United States District Court Judge Sue L. Robinson.

      3.      The Stipulated Protective Order provides that filings containing material protected

under the Order shall be filed under seal.  Exh. A. ¶ 16.

4.      Defendants' Motion to Compel Gelest, Inc., Jonathan Goff and Ed Kimble to Comply with Subpoenas discusses testimony and other discovery which has been designated as Highly Confidential and is covered by the Protective Order.  In addition, the letter briefs attached as Exhibits to this Motion were all filed under seal in the District of Delaware.

5.      Defendants' Motion to Compel Alan Gold to Comply with Deposition Subpoena also references testimony and other discovery which has been designated as Highly Confidential and is covered by the Protective Order.  In addition, the letter briefs attached as Exhibits to this Motion were all filed under seal in the District of Delaware.

WHEREFORE, Defendants respectfully request that the Court grant this motion and permit Defendants to file the two Motions and their accompanying Exhibits under seal.

Respectfully submitted,

DATED:  January 22, 2019

By: _____
Kyle E. Gray
Pa. Bar I.D. #:  321091
SAUL EWING ARNSTEIN & LEHR LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Tel.: (215) 972-1896
Fax:  (215) 972-4159

Attorneys for Defendants
L'ORÉAL USA, INC., L'ORÉAL USA
PRODUCTS, INC., L'ORÉAL USA S/D, INC.
and REDKEN 5TH AVENUE NYC, LLC

Of Counsel*:

Dennis S. Ellis
Katherine F. Murray
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
Paul Hastings LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1990

Scott F. Peachman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

***Attorneys for Defendants in Underlying
Action Pending in the U.S. District Court
for the District of Delaware***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIQWD, INC. and OLAPLEX LLC,     )
     )
     Plaintiffs,     )     C.A. No.
     )
v.     )     Underlying Action Pending in the
     )     U.S. District Court for the
L'ORÉAL USA, INC., L'ORÉAL USA     )     District of Delaware
PRODUCTS, INC., L'ORÉAL USA S/D, INC.     )
and REDKEN 5TH AVENUE NYC, LLC,     )     Civil Action No.  No. 17-14-JFB-SRF
     )
     Defendants.     )
     )

## <u>ORDER</u>

And NOW, this _____ day of _____, 2019, upon consideration of the

Motion to Seal and Exhibit A attached thereto, the Motion is hereby GRANTED.

BY THE COURT

_____

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-14-SLR |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) | |
| INC., and REDKEN 5TH AVENUE NYC, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby stipulate and agree to the request for, and entry of, the following Protective Order (hereinafter "Order" or "Protective Order") to govern the discovery, use, and handling of Protected Material, as defined in Paragraph 1, produced by parties and non-parties in the above-captioned case.   IT IS HEREBY ORDERED that:

1.      <u>Definition of Protected Material.</u>   As used herein, "Protected Material" refers to any non-public information or documents produced or obtained during the course of this litigation that a party believes in good faith includes its trade secret, confidential or proprietary information, sensitive personally-identifying information, or information which, if disclosed, would violate an obligation of confidentiality to a third person, party, or another court order.

2.      <u>Disclosure and Use of Protected Material.</u>

a.      Protected Material disclosed by the Plaintiffs, Defendants, or a third party (hereinafter "Producing Party") to any other party (hereinafter "Receiving Party") pursuant to discovery in this action, along with any copies, excerpts, or summaries thereof and materials

containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, shall be used solely for purposes of this action and not for any other purpose, including, without limitation, any business or commercial purpose.

b.      Other Proceedings.   By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  No person or party subject to this Order shall disclose another party's Protected Material in response to a document request or subpoena in another proceeding except with the consent of the Producing Party or in accordance with the following procedure.  Any person or party subject to this Order who becomes subject to a motion to disclose another Producing Party's Protected Material shall promptly notify that Producing Party of the motion so that the Producing Party may have an opportunity to appear and be heard on whether that information should be disclosed.  The person or party subject to such a motion to disclose shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party with respect to the Protected Material at issue and shall disclose the Protected Material only if (i) the Producing Party fails to move for a protective order within the time allowed by the court presiding over such other case, or (ii) the Producing Party moves for a protective order and such motion is denied in relevant part.

c.      The recipient of any Protected Material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to the storage, protection, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary, confidential, or sensitive information.

3.  <u>Confidentiality Legend Designations.</u>

a.  Any Producing Party producing documents, things, information, or other materials in the above-captioned case ("Produced Material") for inspection or review by a Receiving Party shall designate any Protected Material as "Confidential" or "Highly Confidential."

b.  The "Highly Confidential" designation shall be limited to Protected Material that is highly commercially sensitive information (e.g., research and development materials, technical information regarding commercial products, financials, and personnel information).

c.  The "Confidential" designation shall be used for all Protected Material not designated as Highly Confidential.

4.  <u>Labeling of Protected Material.</u>

a.  The designation of Protected Material for purposes of this Order shall be made in the following manner:

(1)  With regard to written material (including documents and transcripts of depositions or other testimony) and electronic images (such as TIFFs or PDFs) that is Protected Material, each page should be marked consistent with the designation described in Paragraph 3 that is appropriate for that document, and

(2)  With regard to non-written material, such as electronically stored information, recordings, magnetic media, photographs, and things, the designation consistent with Paragraph 3 should be affixed to the material or its enclosing media or container in any reasonable manner.

3

b.      Designation of transcripts of any deposition disclosing Protected Material shall be made in accordance with Paragraph 13.

c.      Failure to affix the designations set forth in this Paragraph 4 shall not amount to a waiver of any confidential status. Rather, in the event a party discovers a failure to properly designate Protected Material in accordance with this Paragraph, such failure shall be remedied in accordance with Paragraph 19.

5.      <u>Contested Designations.</u>   A Receiving Party shall not be obligated to challenge the propriety of a Producing Party's designations of any Protected Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto under Paragraph 17.

6.      <u>Qualified Persons.</u>   A Receiving Party shall disclose Protected Material only to the following Qualified Persons, their clerical, support and secretarial staffs, paralegals, and assistants whose functions require access to Protected Material. All rights, obligations, and restrictions in this Protective Order shall apply to such Qualified Persons as if they were the Receiving Party. Qualified Persons are limited to:

<u>Confidential Material</u>

For Protected Material designated Confidential:

a.      Outside counsel of record in the above-captioned case and other attorneys working at their respective law firms and their clerical, support and secretarial staffs, paralegals, and assistants whose functions require access to such Protected Material (collectively, "Outside Counsel");

4

   b.  Up to and including three (3) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   c.  Up to and including two (2) designated representatives of each Party to the extent reasonably necessary for the litigation of this action, except that either Party may in good faith request the other Party's consent to designate one or more additional representatives with prior written approval pursuant to Paragraph 7, and the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

   d.  Outside experts or consultants retained by the Receiving Party or its counsel, who are not current employees of a Party or a competitor, have not been an employee of a Party within the previous three years, and who, at the time of their engagement, are not anticipated to become an employee of a Party, such as independent technical experts, accountants, statisticians, economists, or other consultants, whose advice and consultation are being or will be used by such Party or its counsel in connection with this Action, including their stenographic or clerical personnel;

   e.  Third-party contractors involved solely in providing litigation support services to Outside Counsel;

   f.  The Court and authorized staff;

   g.  Court reporters, videographers, video-deposition synchronization services, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any party;

      h.      Outside jury consultants, participants in jury studies (provided they sign appropriate non-disclosure agreements protecting Protected Material and are not permitted to take any Protected Material with them when they are done with the jury study), and trial consultants (including, but not limited to, graphics consultants);

      i.      Authors and recipients of the Protected Material;

      j.      Witnesses at their depositions;

      k.      Mediators; and

      l.      Any other person that all parties and any producing third party have agreed to in advance in writing, according to Paragraph 7, below.

Highly Confidential Material ("Attorneys' Eyes Only")

      m.      For Protected Material designated Highly Confidential, access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 6 (a-b) and (d-l).

      7.      Modification of List of Qualified Persons.  The list of persons to whom Protected Information may be disclosed, identified in Paragraph 6, may be expanded or modified by mutual agreement in writing by counsel for the Producing Party and the Receiving Party or Parties without the need to modify this Order.

      8.      Notice and Acknowledgment of Order.

      a.      Every Qualified Person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

b.      Before the first disclosure of Protected Material is made to a Qualified
Person pursuant to Paragraph 6(b), 6(c), 6(d), 6(e), 6(h), 6(j), and 6(l), Outside Counsel for the
Receiving Party shall:  (i) provide the Qualified Person with a copy of this Protective Order;
(ii) explain its terms; and (iii) obtain the Qualified Person's signed Agreement To Abide By
Protective Order, in the form of Exhibit A hereto, which Outside Counsel shall maintain until the
final disposition of the case.

9.      <u>Third Parties.</u>  Any third party from whom discovery is sought in the
above-captioned case may, in accordance with this Order, designate some or all of its production
as Protected Material, and each Receiving Party will have the same rights, obligations, and
restrictions with respect to the third party's designations of Protected Material as that Receiving
Party has with respect to the Protected Material of any other Producing Party.

10.      <u>Additional Parties.</u>  If an additional party joins or is joined in the above-
captioned case, the newly joined party shall not have access to Protected Material until the newly
joined party submits to this Protective Order or all parties to the above-captioned case agree to a
supplemental or amended Protective Order governing the protection of Protected Material.

11.      <u>Obligation of Outside Counsel.</u>  It shall be the responsibility of Outside
Counsel to ensure compliance with the provisions of this Protective Order and to take reasonable
and proper steps to ensure that all provisions thereof are made known to any person who shall
examine Protected Material.

12.      <u>Prosecution Bar and Post Grant Activity Bars and Exceptions.</u>

a.      Any attorney representing a Party, whether in-house or Outside Counsel,
and any person associated with a Party and permitted to receive the other Party's Protected
Material that is designated Highly Confidential, who reviews, or otherwise learns of, in whole or

in part and directly or indirectly, the other Party's Highly Confidential material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the subject matter of the patent-in-suit (U.S. Patent No. 9,498,419) on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Highly Confidential designated material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the subject matter of the patent-in-suit.

b.     Absent the written consent of a Party producing Highly Confidential Protected Material (Producing Party), no person on behalf of Plaintiffs, including without limitation any technical adviser of Plaintiffs, who reviews, accesses, or learns (directly or indirectly) of Defendants' Highly Confidential Protected Material shall, for a period commencing upon receipt of such information and ending one year following final disposition of this case engage in any Post Grant Activity (as defined below) on behalf of any Party other than the Producing Party. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

c.     Post Grant Activity shall mean any activity related to directly or indirectly providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of

any claim for any post grant proceeding involving the patent-in-suit patent or other patent or patent application claiming priority to or otherwise related to the patent-in-suit (including, but not limited to, a reissue application, post grant review, supplemental examination, opposition, covered business method post grant review, ex parte reexamination or *inter partes* review) before any domestic or foreign patent office or agency. The restrictions set forth in paragraphs 12(b-c) shall apply immediately upon a good faith belief that an amendment or change to any claim of the patent-in-suit patent (or other patent or patent application claiming priority to or otherwise related to the patent-in-suit) would be made or any new claims would be added in such a post grant proceeding.

        d.      Notwithstanding Paragraph 12(a-c), Olaplex's General Counsel, Tiffany Walden, may receive Protected Material that is designated as Highly Confidential and shall not be precluded from engaging in the activities specified in 12(a-c) on behalf of Olaplex provided Ms. Walden represents and warrants that she will not use L'Oréal's Highly Confidential information in any of the activities described in 12(a-c). In-house or Outside Counsel of any Defendant in this action are not subject to the provisions set forth in paragraphs 12(b-c) even if they have received, reviewed, or had access to Plaintiffs' Confidential or Highly Confidential Protected Material other than through a violation of this Order.

        13.     Depositions.

        a.      Protected Material may be disclosed to a witness at a deposition only if: (i) the witness was the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; or (ii) disclosure to the witness is reasonably necessary and the witness has signed the Agreement

To Abide By Protective Order, in the form of Exhibit A hereto, unless otherwise agreed by the Producing Party or ordered by the Court.

b.      If a deposition concerns Protected Material, the Producing Party shall reasonably confer with the Receiving Party regarding the Producing Party's right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with Paragraph 6 hereof to have access to such material, and absent agreement by the parties in this action, the Producing Party shall have the right to contact the Court to seek the appropriate relief.

14.      Court Proceedings.

a.      Nothing contained in this Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the Court in this Action any Protected Material. The parties reserve the right to seek additional relief from the Court with respect to Protected Material that may be presented at trial or in any hearing in this Action before the Court.

b.      With respect to the disclosure of Protected Material at trial or in any pretrial hearing before the Court, the Party expecting to disclose such material shall give at least two (2) court days' notice (not less than 48 hours) to the Producing Party that identifies the material intended to be disclosed, to enable the Producing Party to seek relief from the Court as appropriate, provided that the advance notice provisions shall not apply if: (i) the Court indicates that the trial or pre-trial hearing will be closed to persons other than those to whom disclosure of the material is permitted pursuant to Paragraph 6; (ii) circumstances arise in good faith that render such advance notice objectively unfeasible, and the Party expecting to use such material informs the Producing Party as soon as possible; or (iii) the Protected Material was previously used in a public hearing. Notwithstanding the foregoing, a Party may use another Party's

Protected Material on cross-examination or redirect examination at a hearing provided that before using any Producing Party's Protected Material, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Material. Citation of Protected Material in briefing or submissions to the Court, including in the body or exhibits of expert reports (including charts, graphs, or other presentations of data), related to the subject matter of the hearing shall constitute notice for the purposes of this Paragraph 14(b).

15.    Designation of Protected Material in Deposition Transcripts.

a.    A party giving deposition testimony in this litigation may designate deposition testimony or exhibits disclosing that party's Protected Information as Confidential or Highly Confidential.  The person desiring to designate any portion of a deposition as Confidential or Highly Confidential may do so on the record while the deposition is being taken, either personally or through counsel.  Additionally, any Party may designate portions of the transcript of any deposition (or any other testimony) as containing Confidential or Highly Confidential Protected Material in accordance with this Order by notifying the opposing Party in writing, within thirty (30) days of receipt of the final transcript, that it contains Protected Material and specifying the specific page(s) and/or line(s) that should be designated as Confidential or Highly Confidential

b.    All deposition transcripts and exhibits shall be treated as Highly Confidential and subject to this Protective Order until a time thirty (30) days after the final transcript is received, unless otherwise agreed.

16.    <u>Pleadings and Other Papers.</u>  When it is necessary to file a pleading or other paper containing Protected Material under seal, the filing party shall do so in accordance with the Court's CM/ECF procedures.

17.    <u>Non-waiver.</u>

a.    The production of Produced Material under the terms of this Order in response to a request by an opposing party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy, or admissibility of said Produced Material.

b.    Nothing contained herein shall preclude any party from opposing any discovery on any basis.

c.    The acceptance of Protected Material by the parties shall not constitute an admission or concession or permit an inference that the Protected Material has been properly designated as such.  Any Receiving Party may at any time request that the Producing Party withdraw or modify the Protected Material designation with respect to any document, object, or information.  Such request shall be made in writing to counsel for the Producing Party and shall identify the designated Protected Material that the Receiving Party contends has been inappropriately designated and the reasons supporting its contention. If the Producing Party does not agree to withdraw or modify the Protected Material designation within seven (7) court days, the Producing Party and the Receiving Party shall meet and confer in good faith to resolve the issue without the need for Court intervention.  If a disagreement remains and the Producing Party does not agree to withdraw or modify the Protected Material designation within five (5) court days after the parties have met and conferred, the party contesting the designation may request by motion that the Court strike or modify the contested designation as appropriate.  The burden

of demonstrating that the document, object, or information qualifies for the contested designation, *i.e.* Confidential or Highly Confidential, shall be on the Producing Party.  Until the Court resolves the dispute, the Protected Material shall continue to be treated under the existing designation.  Notwithstanding the foregoing, should a dispute concerning the propriety of a designation arise during the course of a deposition, the requirement of prior written notice shall not apply, and Court intervention may be sought immediately.

       d.     Nothing in this Protective Order shall require disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable immunity or privilege, nor shall this Order be construed to require disclosure in instances where such disclosure would breach an agreement with another or violate a court order requiring that such information be maintained in confidence. The parties agree to work in good faith to resolve any third-party confidentiality issues.

       18.    <u>Restrictions Not Imposed.</u>

       a.     This Protective Order shall not prevent any party or third party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders.

       b.     Nothing in this Order shall prevent any party from disclosing or using its own Protected Material for any purpose.

       c.     Nothing in this Order shall bar or otherwise restrict any attorney who is a Qualified Person from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of Protected Material; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not directly or indirectly disclose any Protected Material to unauthorized persons.

d.     The restrictions and obligations set forth in this Protective Order relating to Protected Material shall not apply to any information that:  (i) the parties agree, or the Court rules, is already public knowledge at the time of disclosure to the receiving party; (ii) the parties agree or the Court rules, has become public knowledge other than as a result of improper disclosure by the Receiving Party or breach of this Order or other confidentiality agreement, subsequent to its designation by the Producing Party; (iii) the parties agree, or the Court rules, was, is, or becomes in the Receiving Party's legitimate possession independently of its production by the Producing Party, by means that do not constitute a violation of this Protective Order or other confidentiality agreement; or (iv) the parties agree, or the Court rules was, is, or becomes expressly released from being designated as Protected Material by the Producing Party or by order of the Court.

19.     Inadvertent Production of Privileged Material.

a.     If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party determines that it inadvertently or mistakenly produced information subject to a claim of immunity or privilege, it must promptly provide the Receiving Party with written notice identifying the information or material.  Upon delivery of the request, the identified information or material shall be returned or destroyed within five (5) court days and the information may not be used for any purpose, except as permitted under this Paragraph 19 or until the immunity or privilege at issue has been resolved by Court order, agreement, or otherwise. Moreover, any notes or summaries referring or relating to any such inadvertently or mistakenly produced information subject to claim of immunity or privilege shall

14

be destroyed, except to the extent they are contained in work product created by counsel for the Receiving Party prior to the written request for return or destruction.

b.     Within fifteen (15) court days of the Producing Party's request for return or destruction of the inadvertently or mistakenly produced information, the Producing Party shall provide a privilege log corresponding to the information or material identified in the written notice sufficient to enable the Receiving Party to assess the claim consistent with the standard for privilege logs under Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure. The Receiving Party returning or destroying the inadvertently or mistakenly produced information may move the Court for an Order compelling production of such information relying on the information presented in the privilege log. The motion shall not disclose the substance of the inadvertently produced material, except to the extent than an *in camera* inspection of the materials may be requested. The pendency of any such motion or dispute regarding the legitimacy of the claim of privilege or work product shall not entitle the moving party to retain or use the information. All of the protections of FRE 502, including but not limited to FRE 502(d), apply to inadvertently or mistakenly produced privileged or work product materials. If a party subsequently re-produces in redacted form a document that had previously been inadvertently produced and then was returned or destroyed in its entirety based on a request under this Paragraph, the subsequently-reproduced, redacted version of the document shall bear the same Bates number as the originally-produced document, along with an "-R" suffix.

20.     <u>Inadvertent Failure to Designate Protected Material.</u> Inadvertent failure to designate any material which a Producing Party claims should be Protected Material will not be deemed a waiver of the right to make that designation. Upon receiving written notice of such failure to designate, all Receiving Parties shall reasonably cooperate to restore the confidentiality

15

of the inadvertently or unintentionally disclosed Produced Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Produced Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Party shall make reasonable efforts to retrieve and replace the inadvertently or unintentionally disclosed Produced Material with the provided substitute copies and shall return or certify the destruction of the undesignated Produced Material in the Receiving Party's possession.

21.     Unauthorized Disclosure.   In the event of disclosure of any Protected Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of such disclosure, shall promptly inform Outside Counsel for the Producing Party whose Protected Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

22.     Experts.   This Order does not modify the standards governing discovery relating to experts under Rule 26(b)(4) of the Federal Rules of Civil Procedure and other existing authority.

23.     Duration and Termination of Action.

a.     Subject to Paragraph 23(b), this Protective Order shall survive the termination of this action. Even after final disposition of this case, the confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of

(1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

      b.      Within sixty (60) days after entry of a final judgment or dismissal with prejudice (including appeals or petitions for review) or the execution of a settlement agreement finally disposing of all issues raised in the above-captioned case, all Receiving Parties no longer in the case(s) shall:  (i) return all Protected Material and any copies thereof to the appropriate Outside Counsel who produced the Protected Material; or (ii) destroy such Protected Material and give written notice of such destruction to Outside Counsel for the Producing Party. However, Outside Counsel may retain copies of all filed pleadings, papers, and deposition transcripts for archival purposes.  Further, all notes, summaries, or other documents prepared by Qualified Persons under Paragraphs 6(b), 6(c), 6(h), 6(i), 6(j), and 6(l) derived from or containing Protected Material, shall after the conclusion of the action, be kept within the files of Outside Counsel who are trial counsel for the Receiving Party creating such work product or be destroyed. As to Protected Material reflected in computer databases or backup systems, the Receiving Party shall delete all such Protected Material or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the Protected Material. Any materials retained as permitted by this Paragraph shall be treated in accordance with the terms of this Protective Order so long as they continue to exist.

      24.     <u>Notifications.</u>

      a.      All notices, disclosures, and requests under this Protective Order shall be delivered by email, with confirmation by regular mail to the counsel of record if the sender of the

email believes that the email did not go through. If applicable, the date by which a party receiving a notice shall respond or otherwise take action shall be computed from the day that the email was sent.

        b.      Notifications shall be delivered to the following party representatives:

        (1)      For Plaintiffs LIQWD, INC. and OLAPLEX LLC, its counsel of record using their contact information of record.

        (2)      For Defendants L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKEN 5TH AVENUE NYC, LLC, its counsel of record using their contact information of record.

        25.      <u>Jurisdiction.</u>  The recipient of any Protected Material hereby agrees to subject him/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

        26.      <u>Modification.</u>  Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

        27.      <u>Independent Lawful Acquisition of Designated Material</u>: Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Protected Material designated as Confidential or Highly Confidential obtained lawfully by such Party independently of any proceedings in this action, or which:

        a.      Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

b.      Is or becomes publicly known through no fault or act of such Party; or

c.      Is rightfully received by such Party from a Non-party that has authority to

provide such information or material and without restriction as to disclosure.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*


March 20, 2017

RICHARDS, LAYTON & FINGER, P.A.

/s/ Katharine Lester Mowery

_____
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine Lester Mowery (#5629)
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

*Attorneys for Defendants*


**SO ORDERED:**


_____
Hon. Sue L. Robinson
UNITED STATES DISTRICT JUDGE


Dated: _____ 2017

19

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) |
| | ) |
| Plaintiffs, | )   C.A. No. 17-14-SLR |
| | ) |
| v. | ) |
| | ) |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) |
| INC., and REDKEN 5TH AVENUE NYC, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

I, _____ declare that:

    1.    I have read the foregoing Protective Order entered as an Order of the United States District Court for the District of Delaware in the action *Olaplex, LLC, et al. v. L'Oréal USA, Inc., et al.*, Civil Action No. 17-14-SLR.

    2.    I understand and agree to be bound by the terms of the Protective Order.

    3.    I will hold in confidence and will not disclose to anyone who is not a Qualified Person under the Protective Order and will use only for purposes of this action any Protected Material disclosed to me.

    4.    I understand that I am to retain all of the materials that I receive containing Protected Material in a secure place in a manner consistent with the Protective Order.

    5.    I will return all Protected Material that comes into my possession and documents or things that I have prepared relating thereto to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

6.     I understand that a violation of the terms of the Protective Order may be punishable by appropriate sanctions and may be treated as if contempt by an order of the Court.

7.     I hereby submit to the jurisdiction of this Court for the purposes of enforcement of this Protective Order.

_____
Signature

_____
Printed Name

_____
Date

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, a true and correct copy of the foregoing Motion to Seal and Exhibits attached thereto was caused to be served upon the following counsel of record as indicated:

**VIA ELECTRONIC MAIL**
Jack B. Blumenfield
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

Suong T. Nguyen
Quinn, Emmanuel, Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(605) 801-5000
suongnguyen@auinnemanuael.com

Jared W. Newton
Quinn, Emmanuel, Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
jarednewton@quinnemanuel.com

Ashley Martabano
Baker Marquart
777 S. Figueroa Street
Suite 2850
Los Angeles, CA 90017
amartabano@bakermarquart.com

**VIA ELECTRONIC MAIL**
Amardeep L. Thakur
Joseph M. Paunovich
Ali Moghaddas
Patrick T. Schmidt
Quinn, Emmanuel, Urquhart & Sullivan, LLP
865 S. Figueroa Street
Los Angeles, CA 90017
(213) 443-3000
amarthakur@quinnemanuel.com
jopaunovich@quinnemanuel.com
alimoghaddas@quinnemanuel.com
patrickschmidt@quinnemanuel.com

Adam J. DiClemente
Quinn, Emmanuel, Urquhart & Sullivan, LLP
55 Madison Avenue
22nd Floor
New York, NU 10010
adamdiclemente@quinnemanuel.com

Matthew K. Blackburn
Diamond McCarthy LLP
150 California Street
Suite 220
San Francisco, CA 94111
(415) 263-9200
mblackburn@diamondmccarthy.com

DATED:  January 22, 2019

By: _____
Kyle E. Gray
Pa. Bar I.D. #:  321091
SAUL EWING ARNSTEIN & LEHR LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Tel.: (215) 972-1896
Fax:  (215) 972-4159

Attorneys for Defendants
L'ORÉAL USA, INC., L'ORÉAL USA
PRODUCTS, INC., L'ORÉAL USA S/D, INC.
and REDKEN 5TH AVENUE NYC, LLC

Of Counsel*:
Dennis S. Ellis
Katherine F. Murray
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
Paul Hastings LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1990

*Attorneys for Defendants in Underlying
Action Pending in the U.S. District Court for
the District of Delaware